# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-1713V

|  |  |
|---|---|
| MAXFEL GOODSON,<br><br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 9, 2026 |

*Christopher Williams, Siri & Glimstad, LLP, New York, NY, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 22, 2024, Maxfel Goodson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – shoulder injury related to vaccine administration as a result of her pneumococcal vaccination received on March 13, 2024.   Petition, ECF No. 1. On August 21, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 29.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner then filed an *interim* motion for attorney's fees and costs, requesting an award of $10,646.75 in fees and costs incurred by Petitioner's former counsel, Andrew Donald Downing, Esq. Interim Motion, filed December 18, 2024, at ECF No. 11. Later, Petitioner filed a *final* motion for attorney's fees and costs, requesting the additional sum of $12,406.86, representing fees and costs incurred by Petitioner's counsel of record, Christopher Williams, Esq. Final Motion, filed September 19, 2025, at ECF No. 33. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses related to the prosecution of this case. ECF No. 33-4.

Respondent reacted to both the *interim* and final motions, deferring resolution of the amounts to be awarded to my discretion. See ECF No. 13; ECF No. 34. I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 11 at 24-32; ECF No. 33-3. Thus, I find the requested costs reasonable and hereby award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $23,053.61[3] as follows:**

- **A lump sum of $12,406.86, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Christopher Williams' IOLTA account for prompt disbursement; and**

- **A lump sum of $10,646.75, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Andrew Donald Downing's IOLTA account for prompt disbursement.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]


**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3